UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    Case No. 8:10-CV-1214-T-27TBM

PlayboyMonthly.com, HTMLcomics.com,
HTM1comics.com, htmlc0mics.com,
ComicBooksFree.com, and
HTMLmagazines.com,

        Defendants.
_____/

## PRETRIAL RESTRAINING ORDER

**BEFORE THE COURT** is the United States' Ex Parte Motion for a Post-Complaint Restraining Order Under 18 U.S.C. § 983(j) (Dkt. 10). As set forth below, the motion is GRANTED in part.

This is a civil action *in rem* seeking forfeiture of six Internet Domain Names (the "Domain Names") pursuant to 18 U.S.C. § 2323(a) as property used or intended to be used to facilitate the commission of an offense prohibited by 18 U.S.C. § 2319 (criminal copyright infringement). Neither the registrant nor the registrar of the Domain Names have been afforded notice of this proceeding. Contemporaneously with the filing of the Complaint, the United States moved for issuance of warrants of arrest *in rem* as to each Domain Name, and the Magistrate Judge granted (Dkt. 3) the

1

motion. The following day, proceeding *ex parte*, the United States filed the instant motion seeking a pretrial restraining order pursuant to 18 U.S.C. § 983(j)(1)(A) requiring the registrar, Dotster.com, (a) to preserve the Domain Names for possible forfeiture and (a) to block the access of the registrant or "owner," Gregory Steven Hart, d/b/a Database Engineers, Inc., to the Domain Names in order to prevent Hart from engaging in further criminal copyright infringement.

The facts set forth in the Complaint, as verified by Special Agent Wolfenden (Dkt. 1 at 14) establish probable cause to believe the Domain Names are subject to forfeiture. *See United States v. Melrose East Subdivision*, 357 F.3d 493, 501 (5th Cir. 2004) (probable cause is the proper standard of proof for continuing a pretrial restraining order under Section 983(j)(1)(A)). Additionally, the nature of the Domain Names is such that they can easily be transferred, dissipated, disposed of, or placed beyond the jurisdiction of the Court, thereby demonstrating exigencies that justify temporary injunctive relief.

Like its criminal analogue, 21 U.S.C. § 853(e)(1)(A) (governing post-indictment restraining orders),[1] Section 983(j)(1)(A) is silent with respect to the requirement of a hearing.[2] As to 21 U.S.C. § 853(e)(1)(A), however, courts have held a pre-restraint hearing is not required.[3] Additionally,

---

[1] *See United States v. Kaley*, 579 F.3d 1246, 1265 (11th Cir. 2009) (Tjoflat, J., specially concurring).

[2] While recognizing the statute's silence on this point, the Court respectfully disagrees that "the language of Section 983(j)(1) appears unambiguously not to require such notice so long as the [relief authorized by Section 983(j)(1)] issues after the complaint is filed." *U.S. v. 40 Acres of Real Property, More or Less*, No. 08-0117-WS-C, 2008 WL 565333, at *1 (S.D. Ala. Feb. 27, 2008).

[3] *See United Bissell*, 866 F.2d 1343, 1349 (11th Cir. 1989) (noting that once an indictment has issued, the court may enter ex parte a retraining order pursuant to 21 U.S.C. § 853(e)(1)(A) and that "[t]he statute's legislative history reveals that while Congress did not intend for there to be a hearing prior to the issuance of [such] a restraint, the district court does retain authority to hold a post-restraint hearing.") (citing S. Rep. No. 225, 98th Cong., 1st Sess. 191, 203, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3386) (noting that a pre-indictment restraining order under 21 U.S.C. § 853(e)(1)(A) does not require prior notice and opportunity for a hearing in part because "[t]he indictment or information itself gives notice of the government's intent to seek forfeiture of the

although no circuit court of appeals has squarely decided the question, *dicta* in one decision suggests that "the absence of any mention of a hearing [in 18 U.S.C. § 983(j)(1)(A)] is notable" because Section 983(j)(B), which concerns *pre*-complaint retraining orders, requires notice and an opportunity to be heard before the restraining order is entered. *Melrose East*, 357 F.3d at 499.[4] *But see United States v. Real Property Located at 11211 East Arabian Park Drive, Scottsdale, Ariz.*, 379 F. Supp. 2d 1058, 1064 (D. Ariz. 2005) ("[T]he court does not take § 983(j)(1)(A) as silently authorizing § 983(j)(1) remedies in pending cases without observance of the usual principles of notice . . . .").

Section 983(j)(1)(A) is also silent as to any requirement of a hearing *after* entry of post-complaint restraining order. However, the Fifth Amendment's Due Process Clause appears to require a prompt post-restraint hearing. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Ordinarily, the government must provide notice and a hearing before a deprivation of property. *See United States*

---

property."); *United States v. Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991) (en banc) ("[B]ecause of the exigent circumstances presented, notice and a hearing need not occur before an ex parte restraining order is entered pursuant to section 853(e)(1)(A)."), *on remand from* 491 U.S. 600 (1989).

[4] Contrary to the suggestion in *40 Acres of Real Property*, *supra*, the Fifth Circuit did not hold in *Melrose East* that "no pre-restraint hearing is required under subsection (j)(1)(A) when a restraining order is 'requested contemporaneously with the filing of the forfeiture complaint.'" 2008 WL 565333, at *1 (quoting *Melrose East*, 357 F.3d at 498-99). While noting that "[t]here is authority for the proposition that due process does not require a pre-restraint hearing in the context of *post-indictment* restraining orders under 21 U.S.C. § 853(e)(1)(A), the criminal analogue of § 983(j)(1)(A)," *Melrose East*, 357 F.3d at 499 n.3 (emphasis added), the Fifth Circuit acknowledged that the analogy between the civil and criminal provisions is imperfect, *see id.* at 503 n.9 ("In the criminal context, an ex parte pretrial restraining order under 21 U.S.C. § 853(e)(1)(A) is at least supported by a grand jury finding of probable cause, but that need not be the case in civil forfeitures."). *But cf. Kaley*, 579 F.3d at 1267 (Tjoflat, J., specially concurring) ("The grand jury . . . is not a mechanism well designed to protect a defendant against an erroneous deprivation [of property].").

*v. James Daniel Good Real Property*, 510 U.S. 43, 53 (1993). In extraordinary situations, notice and a hearing may be postponed until after the deprivation. *Id.* However, if postponed, notice and a hearing must generally be given "immediately after the deprivation." *United States v. Kaley*, 579 F.3d 1246, 1265 (Tjoflat, J., concurring).

As the Government provides no reason to depart from this settled rule in the context of a post-complaint restraining order under 18 U.S.C. § 983(j)(1)(A),[5] the Court will conduct an adversary hearing at which the United States will be required to show that probable cause exists to continue the pretrial restraining order pursuant to 18 U.S.C. § 983(j)(1)(A).

Accordingly, the United States' Ex Parte Motion for a Post-Complaint Restraining Order Under 18 U.S.C. § 983(j) (Dkt. 10) is **GRANTED** in part as follows.

The Registrar of the Domain Names, Dotster.com, is hereby temporarily **RESTRAINED** and **ENJOINED** from transferring, dissipating, encumbering, alienating, assigning, pledging, or otherwise disposing of, directly or indirectly, the following Domain Names:

1. PlayboyMonthly.com;
2. HTMLcomics.com;
3. HTM1comics.com;
4. htmlc0mics.com;
5. ComicBooksFree.com;

---

[5] Even as to its criminal counterpart, 21 U.S.C. § 853(e)(1)(A), a panel of the Eleventh Circuit recently stated that, if it were not bound by the prior panel rule to apply *United States v. Bissell*, 866 F.2d 1343 (11th Cir. 1989), it would (1) follow other circuits in applying the traditional test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), to determine what process is due to defendants whose assets are restrained pursuant to 21 U.S.C. § 853(e)(1)(A) and (2) conclude that the defendants in the case before it were entitled to a pretrial hearing on the merits of the post-indictment restraining order. *Kaley*, 579 F.3d at 1259-60. As to the requirements of due process in the context of a pretrial restraining order under 18 U.S.C. § 983(j)(1)(A), *Bissell* does not control.

6. HTMLmagazines.com.

Additionally, the Registrar shall remove all access by the Registrant to the above-references Domain Names, remove from the Internet any websites associated with the Domain Names, prevent the websites from resolving to any Internet Protocol addresses, set the Domain Name registrations to auto-renew and hold the Domain Names in abeyance pending further order of this Court.

A hearing will be held on **July 1, 2010** at **2:00 p.m.** before the undersigned judge in Courtroom 13B of the Sam Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, at which the United States shall show that probable cause exists to continue the pretrial restraining order pursuant to 18 U.S.C. § 983(j)(1)(A).

On or before **June 24, 2010**, the United States shall serve a copy of this Order on the Registrar and the Registrant and file a notice of compliance with the Clerk, whereupon this order and the entire file will be unsealed.

**DONE AND ORDERED** in chambers this __16th__ day of June, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record